## CAMPBELL *v.* STATE

[No. 71, September Term, 1959.]

*Decided December 10, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Tucker R. Dearing,* with whom was *Paul J. Cockrell* on
the brief, for appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom
were *C. Ferdinand Sybert, Attorney General, Saul A. Harris,
State's Attorney for Baltimore City,* and *Joseph G. Koutz,
Assistant State's Attorney for Baltimore City,* on the brief,
for appellee.

HAMMOND, J., delivered the opinion of the Court.

Wallace Campbell was convicted by the court sitting with-
out a jury of assault with intent to rob with a deadly weapon. A
codefendant, John Marshall, had pleaded guilty and his testi-
mony, if believed, showed Campbell to be guilty. On appeal
Campbell says that there was not evidence materially cor-
roborative of the testimony of the accomplice sufficient to
sustain the conviction.

Marshall's testimony was that he and appellant planned the holdup together, that appellant had a pistol and that they acted in concert in attempting to commit the robbery. The details were: he had known Campbell for some months, he sought him out one morning at a house where he was playing cards, both of them needed money and wanted a way to get some, Campbell had shown him "a little small pistol" and asked if he, Marshall, could get one, he borrowed a sawed-off shotgun, he and Campbell called for a girl they both knew named Odessa Poindexter, the three of them rode around in Campbell's car driven by Campbell, and bought and drank some whiskey paid for by Odessa. Getting to the time of the attempted robbery, he continued: they drove down Mosher Street about 11 o'clock at night and Campbell double parked the car in the middle of the block because he had looked in the drugstore at the corner and had seen that there were no customers in it; Campbell said to him "Are you ready, . . . come on". Campbell told Odessa to wait in the car and said he would get her some beer, the two men walked to the drugstore where he waited outside and Campbell went in to ask for the beer and to take care of any attendant who might be in the front part of the store, and that he thereafter walked into the drugstore and went to the back to handle anyone in the store who was in the back. The plan agreed to was that the one nearest the cash register would take the money.

Other testimony was that Marshall was greeted by the druggist, who, when he saw the shotgun pointed at him, yelled to his wife to "hit the floor" and grasped the barrel of the shotgun and deflected it, and tusselled with Marshall for it. During the struggle Campbell ran and then Marshall ran, as the druggist fired at them with his pistol. They ran out of the store and down the street towards the car. Odessa, seeing them running, after hearing the shots, moved over to the driver's seat and started up the car, driving slowly. The two men got into the car and escaped.

Campbell's story was that he knew nothing of the plan to hold up the store, that he had gone in to get some cans of beer, that as he was buying the beer Marshall came in and attempted the robbery.

There was corroboration of Marshall's testimony in the following particulars. A fourteen-year old girl coming to visit her grandmother across the street saw two men go into the drugstore about the time of the happening, heard the shooting, and saw two men run up the street and get into a car. Odessa corroborated the fact that Campbell was driving the car, that he stopped it near the drugstore, double parked in the middle of the block, that he said to Marshall "Come on man, let's go on in," that Marshall thereupon got out of the car and went with Campbell, that Campbell came back to the car and said he was going to buy beer and asked Odessa if she wanted some, that the two went into the store, and that they came running out of the store and back to the car. She also testified that after Campbell got into the front seat of the car there was a small pistol on the seat which she had not seen there before. The druggist's wife testified, although with some indefiniteness, that Campbell had come into the store ahead of Marshall and had bought beer, and the druggist likewise identified Campbell as having been in the store ahead of Marshall.

Appellant himself admits his presence at the scene and that, although he went out on this evening in question to pick up a baby sitter so that he and his wife could go out, he spent three or more hours riding around the City with his two friends.

The function of this Court is not to decide whether on this state of the evidence we are convinced beyond a reasonable doubt that Campbell was guilty as charged. Rather, our function is to determine whether there was testimony, or permissible inferences from testimony, on which the trial court properly could find guilt. *Holtman v. State*, 219 Md. 512, 515. In performing our function, we pay heed to the established Maryland rules as to the corroboration necessary to buttress the testimony of an accomplice. In *Wright v. State*, 219 Md. 643, 650, in a full discussion of the subject, it was said: ". . . it still appears that not much in the way of corroboration is required and that it is not necessary in and of itself for the corroborative evidence to be sufficient to convict, yet the corroborative evidence must support the testi-

mony of the accomplice as to some of the material facts tending to show that the accused was either identified with the perpetrators of the crime or had participated in the commission of the crime itself."

In the case at bar both aspects of corroboration are present. That Campbell had previously discussed or planned the holdup with Marshall, as Marshall says, can be corroborated by inferences both from Odessa's and Campbell's testimony. Odessa says that prior to their arrival at the drugstore there was no discussion of where they were heading or why, but that when Campbell double parked on Mosher Street and, upon getting out, merely said to Marshall "Come on, man, let's go on in", Marshall complied without asking for explanation. It was only after both got out that Campbell came back and asked Odessa if she wanted a beer. Campbell himself says, "I got out the car, I didn't tell neither of them where I was going. But I did ask the girl [Odessa] did she want a beer." The almost total absence of a discussion regarding the purpose of the stop on Mosher Street permits the inference that Marshall and Campbell were acting in prearranged concert.

Marshall's story is also corroborated by the pistol seen on the front seat of the car after the attempted robbery. Campbell's participation in the crime is indicated by the testimony of the young girl across the street, who saw him go into the store and saw him come running from the store with Marshall. His exculpatory explanation that he went into the store innocently and he fled from fright need not have been believed by the trier of the facts in the face of the evidence pointing to the contrary. *Shockley v. State,* 218 Md. 491. See also *Judy v. State,* 218 Md. 168; *Holtman v. State, supra; Vincent v. State,* 220 Md. 232.

It was suggested in argument that Odessa Poindexter was an accomplice and that her testimony therefore could not be used to support Marshall's testimony. At the trial there was no suggestion by Campbell's experienced and competent trial counsel that Odessa was an accomplice, and no argument that she was is made in the brief of the appellant. We think there is no merit in the contention. It is clear that the burden of

proving a witness is an accomplice is on the defendant who asserts it. *Lusby v. State,* 217 Md. 191, 201; 7 Wigmore, *Evidence* (3rd Ed. 1940), Sec. 2060 (e). Not only did Campbell not attempt to prove that Odessa was an accomplice but his testimony was that she did not know what was planned. There had been no discussion of the venture in her presence. *Coleman v. State,* 209 Md. 379. Marshall likewise exonerates Odessa from any knowledge of or participation in the attempted robbery, and the State not only has never sought to charge her with the crime but specifically concedes that she was not a participant.

*Judgment affirmed.*