Dale Allan **ASCHMELLER**, Appellant,

v.

**STATE OF SOUTH DAKOTA**, Appellee.

No. 76–1012.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1976.
Decided April 28, 1976.

---

**9.** *Hodges v. Callaway,* 499 F.2d 417 (5th Cir. 1974). *Cf. Horn v. Schlesinger,* 514 F.2d 549 (8th Cir. 1975).

South Dakota Supreme Court. *State v. Aschmeller*, 209 N.W.2d 369 (S.D.1973). We affirm the judgment denying habeas relief.

On November 23, 1970, Stella Van Broeke was found dead in the tavern which she operated. On February 10, 1971, appellant was taken into custody by state police and questioned about Van Broeke's death. Aschmeller initially denied the killing. Later, he recanted and confessed that he killed Van Broeke after taking $700 from her cash drawer.

On this appeal, Aschmeller argues that the state court committed fundamental constitutional error for the following reasons: 1) the conviction was based on an uncorroborated extra-judicial confession; 2) no corroborative evidence was introduced as to the separate and independent felony; and 3) the confession was not adequately corroborated.

■ Aschmeller's claims are based upon the erroneous assumption that the state is constitutionally bound to corroborate his confession as to each and every element of the offense. The state is only required to introduce substantial independent evidence which would tend to establish the trustworthiness of the confession. *Opper v. United States,* 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101, 108 (1954). The corroborative evidence need not be independently sufficient to establish each element of the offense. *Id.*

Joel T. Hagen, Sioux Falls, S. D., for appellant.

Gene Paul Kean, State's Atty., Minnehaha County, Sioux Falls, S. D., for appellee; William J. Janklow, Atty. Gen., on brief.

Before GIBSON, Chief Judge, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Dale Allan Aschmeller appeals from an order denying his petition for habeas corpus under 28 U.S.C. § 2254. Aschmeller was convicted in state court of felony murder and the conviction was affirmed by the

■ Substantial independent evidence was introduced at trial to establish the trustworthiness of appellant's confession. The defendant was seen in the victim's tavern at the approximate time of the killing. The victim was severely burned and Aschmeller's palmprint was discovered on a jar smelling of gasoline which was found in the same room as the body. This evidence fortified the truth of the confession which,

in turn, established a submissible case of felony murder.[1]

The judgment denying appellant's claim for habeas corpus relief is affirmed.

1. We have some doubt that appellant's claim is cognizable in federal habeas corpus. The corroboration rule has never been termed a constitutional requirement although it has been applied by some lower federal courts and by a majority of state courts. *United States ex rel. Hayward v. Johnson*, 508 F.2d 322, 330 n. 28 (3d Cir.), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2637, 45 L.Ed.2d 675 (1975).