FOSTER ELWOOD BENNETT *v.* STATE OF MARYLAND

[No. 3, September Term, 1978.]

*Decided October 13, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ██LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Michael R. Malloy, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Ray E. Stokes, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

We hold that in a criminal prosecution by the State of Maryland the constitutional rights to due process of law [1] are

---

1. "[N]or shall any State deprive any person of life, liberty, or property, without due process of law...." U.S. Const., amend. XIV, § 1. "[N]o man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land." Declaration of Rights, Md. Const., art. 23. It is firmly established that art. 23 of the Maryland Declaration of Rights is in harmony with the Fourteenth Amendment to the Federal Constitution, and that the term "due process of law," as used in that amendment, is synonymous with the phrase "Law of the land" as used in art. 23. Raymond v. State ex rel. Szydlouski, 192 Md. 602, 610, 65 A. 2d 285 (1949). Anne Arundel County v. English, 182 Md. 514, 521, 35 A. 2d 135 (1943); Coates v. State, 180 Md. 502, 509, 25 A. 2d 676 (1942); Oursler v. Tawes, 178 Md. 471, 483, 13 A. 2d 763 (1940). In construing art. 23 of the Maryland Declaration of Rights, the decisions of the Supreme Court of the United States on the Fourteenth Amendment to the Federal Constitution are practically direct authorities. We are not at liberty to set up the Maryland concept of due process against controlling decisions of the Supreme Court. Rafferty v. Comptroller, 228 Md. 153, 161, 178 A. 2d 896 (1962); Frostburg v. Jenkins, 215 Md. 9, 15, 136 A. 2d 852 (1957); Home Utilities Co. v. Revere, 209 Md. 610, 614, 122 A. 2d 109

not violated by placing upon the defendant the burden of proving by a preponderance of the evidence his assertion that a witness offered against him is an accomplice.[2]

## I

Foster Elwood Bennett was convicted in the Circuit Court for Montgomery County of robbery with a deadly weapon and the use of a handgun in the commission of a felony. He was sentenced to concurrent terms of imprisonment of eight years and five years, respectively, to begin at the expiration of a sentence he was then serving. The Court of Special Appeals affirmed the judgments on direct appeal. *Bennett v. State,* No. 587, September Term, 1977, decided 27 December 1977, unreported. At trial, the judge in considering whether a State's witness was an accomplice should be submitted to the jury for determination,[3] said: "I think the law is that the burden is on the defendant to prove that a witness was an accomplice by a fair preponderance of affirmative evidence." He did not believe that Bennett had so met the burden with regard to a witness, Leonard Fritz, as to exclude the submission of the matter to the jury. In affirming the judgments, The Court of Special Appeals stated flatly: "The burden of showing that Fritz was an accomplice was on [Bennett]." We granted Bennett's petition for the issuance of

---

(1956); *Raymond* at 610; Goldsmith v. Mead Johnson & Co., 176 Md. 682, 686-687, 7 A. 2d 176 (1939).

We note that Acts 1977, ch. 681, proposes that art. 24, "Slavery," be repealed and that art. 23 be designated art. 24. A new art. 23 concerning juries in criminal cases being judges of law as well as of fact, as now appears in Md. Const., art. XV, §§ 5, 6 would become art. 23. The amendments will be voted upon at the general election to be held in November, 1978.

2. "An accomplice is one who knowingly, voluntarily, and with common interest with the principal offender, participates in the commission of a crime either as principal or as accessory before the fact." Watson v. State, 208 Md. 210, 217, 117 A. 2d 549 (1955).

3. "When the evidence relating to whether or not a witness is an accomplice is capable of being determined either way and justifies different inferences in respect thereto, the question is for the determination of the trier of fact and in a jury case should be submitted to the jury with proper instructions." Burley v. State, 5 Md. App. 469, 473-474, 248 A. 2d 404 (1968), *cert. denied,* 253 Md. 733 (1969), citing 2 *Wharton, Criminal Evidence,* (12th ed. Anderson) § 446 and referring to the cases cited in 23 C.J.S., *Criminal Law,* § 796c, nn. 31-34. *See also* 7 *Wigmore, Evidence* § 2060 (e) (Chadbourn rev. 1978).

a writ of certiorari. The sole question presented was: "Did the Court of Special Appeals err in holding that [Bennett] had the burden of proving that Leonard Fritz was an accomplice?"

## II

Whether the State's witness was an accomplice is significant because of the role an accomplice plays in a criminal prosecution in Maryland. A conviction may not rest on the uncorroborated testimony of an accomplice.[4] *Brown v. State,* 281 Md. 241, 243-245, 378 A. 2d 1104 (1977), and cases therein cited. We have heretofore expressed in certain terms our view regarding the burden of proving whether a witness was an accomplice. We said in *Lusby v. State,* 217 Md. 191, 201, 141 A. 2d 893 (1958), quoting 7 *Wigmore, Evidence* (3d ed. 1940), § 2060 (e): "And, of course, 'the burden of *proving* the witness to be an accomplice is . . . upon the party alleging it [the defendant] for the purpose of invoking the rule, . . . .' "[5] In *Campbell v. State,* 221 Md. 80, 84-85, 156 A. 2d 217 (1959), we declared, citing *Lusby* and *Wigmore:* "It is clear that the burden of proving a witness is an accomplice is on the defendant who asserts it." In *Strong v. State,* 261 Md. 371, 376, 275 A. 2d 491 (1971), *vacated as to death sentence only,* 408 U. S. 939, 92 S. Ct. 2872 (1972), we baldly stated, on the authority of *Campbell:* "The burden of showing that a witness

---

4. This rule in Maryland was indicated in Lanasa v. State, 109 Md. 602, 613, 71 A. 1058 (1909) and formulated in Luery v. State, 116 Md. 284, 292-294, 81 A. 681 (1911). We steadfastly followed it over the years. *See* Watson v. State, 208 Md. 210, 117 A. 2d 549 (1955); Mulcahy v. State, 221 Md. 413, 158 A. 2d 80 (1960); Boggs v. State, 228 Md. 168, 179 A. 2d 338 (1962); Veney v. State, 251 Md. 159, 246 A. 2d 608 (1968); Strong v. State, 261 Md. 371, 275 A. 2d 491 (1971). We had occasion to re-examine it in the face of a vigorous attack in Brown v. State, 281 Md. 241, 378 A. 2d 1104 (1977). We recognized that the federal courts and some thirty of our sister states follow the common law view that the testimony of an accomplice, although uncorroborated, was sufficient to warrant a conviction if it satisfied the trier of fact beyond a reasonable doubt of the guilt of the accused. *Id.* at 242. We adhered to our position, however, seeing "as much need today, perhaps more so in view of the escalating prosecutorial trend freely to utilize accomplices as State witnesses, to retain the requirement that a person accused of crime not be convicted on the uncorroborated testimony of an accomplice." *Id.* at 246.

5. The statement in the 1940 edition of *Wigmore* is iterated without change in 7 *Wigmore, Evidence* § 2060 (e) (Chadbourn rev. 1978). Sections 2056 *et seq.* of the new edition contain a most comprehensive discussion of the uncorroborated accomplice.

is an accomplice is on the accused." The Court of Special Appeals said in *Burley v. State,* 5 Md. App. 469, 473, 248 A. 2d 404 (1968), *cert. denied,* 253 Md. 733 (1969), on the authority of *Campbell* and *Lusby,* that "the burden of proving that a witness is an accomplice is on the defendant who asserts it." It added: "In the absence of statutory provisions (there are none in Maryland) it is generally accepted that only a preponderance of the evidence is necessary to prove that a witness for the prosecution is an accomplice; it is not necessary to prove that fact beyond a reasonable doubt to invoke the rule requiring corroboration." *Id.* at 473. This is in accord with 7 *Wigmore, Evidence* (Chadbourn rev. 1978). *Wigmore* states that when the question whether the witness is in truth an accomplice is left to the jury to determine, they are to apply the rule requiring corroboration only if they conclude that the witness is an accomplice. "If they are in doubt and unable to decide, the rule is not to be applied, but they need only believe by the preponderance of the evidence." *Id.* § 2060 (e) (footnotes omitted).[6] *See People v. Tewksbury,* 15 Cal. 3d 953, 544 P. 2d 1335, 127 Cal. Rptr. 135, *appeal dismissed, cert. denied,* 429 U. S. 805 (1976). The trial courts and the Court of Special Appeals have consistently recognized as the rule that the burden of proving by a preponderance of the evidence that a witness is an accomplice is on the defendant asserting it. They have applied it, and we have not repudiated it. *See,* in addition to *Burley, Early v. State,* 13 Md. App. 182, 187, 282 A. 2d 154 (1971), *cert. denied,* 264 Md. 747 (1972); *Sutton v. State,* 10 Md. App. 353, 357, 270 A. 2d 497 (1970), *cert. denied,* 260 Md. 722 (1971); *Gaskins v. State,* 7 Md. App. 99, 103, 253 A. 2d 759 (1969); [7] *Gardner and Maple v. State,* 6 Md. App. 483, 495, 251 A. 2d 901, *cert. denied,* 255 Md. 741 and 743 (1969). We deem it to be the rule in this State.[8]

---

6. It was also so expressed in the 3rd edition (1940).

7. In Gaskins v. State, 7 Md. App. 99, 253 A. 2d 759 (1969), the Court of Special Appeals reversed the judgment because of error in the instructions to the jury and remanded for a new trial. Gaskins was again convicted, and the judgment was affirmed on direct appeal. Gaskins v. State, 10 Md. App. 666, 272 A. 2d 413 (1971). Certiorari was denied by this Court, 261 Md. 724 (1971) and by the Supreme Court of the United States, 404 U. S. 1040 (1971).

8. Appellant suggests in a footnote in his brief that our statements in *Strong, Campbell* and *Lusby* were dicta. We shall not engage in an analysis

## III

Bennett contends that "placing on a defendant the burden of proving that a witness is an accomplice is a violation of due process." He looks to *In re Winship,* 397 U. S. 358, 90 S. Ct. 1068 (1970) as applied in *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881 (1975). He seeks support in *State v. Evans,* 278 Md. 197, 362 A. 2d 629 (1976) and *State v. Grady,* 276 Md. 178, 345 A. 2d 436 (1975). We find that in the light of *Patterson v. New York,* 432 U. S. 197, 97 S. Ct. 2319 (1977), the cases he relies on do not lead to the conclusion he advocates.

In *Winship,* the Court declared that the "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U. S. at 364. In *Mullaney,* the Court announced that "under the Maine law of homicide, the burden could not constitutionally be placed on the defendant of proving by a preponderance of the evidence that the killing had occurred in the heat of passion on sudden provocation." *Patterson,* 432 U. S. at 205. The Court of Special Appeals in *Evans v. State,* 28 Md. App. 640, 654, 349 A. 2d 300 (1975) concluded that *Mullaney* "dooms as unconstitutional any procedural device which 1) imposes upon a defendant a burden of proving, by any standard, his innocence as to any element of a crime or 2) relieves the State of its burden of ultimate persuasion beyond a reasonable doubt as to any issue fairly in the case." We granted certiorari to review the impact of *Mullaney* and *Winship* on the law of homicide in Maryland. We were in accord with the first conclusion of the Court of Special Appeals but rejected the broad sweep of the second. We went no further than to hold "that the principles of *Mullaney* cover the allocation of the burden of persuasion in homicide cases tried before a jury where . . . the defenses of mitigation and self-defense were generated by the evidence." *State v. Evans,* 278 Md. at 209.[9]

---

of whether they were or not. Regardless of the status of the holdings in those cases, they become an authoritative direction under this case.

9. In so concluding, we noted that *Mullaney* did not expressly overrule Leland v. Oregon, 343 U. S. 790, 72 S. Ct. 1002 (1952) in which the Court said that there was no constitutional requirement that the State shoulder the burden of proving sanity of the defendant. 278 Md. at 209. Subsequently, the

In *Grady* we determined that *Winship* and *Mullaney* "apply to the issue of who has the burden of proof and what that burden is when an accused relies on an alibi as a defense." 276 Md. at 182. We held:

> "In sum, under the Federal Constitution, as well as the law of Maryland, the burden is on the State to prove all elements of the alleged crime and to do so beyond a reasonable doubt; hence, the defendant does not have to establish his alibi, not even by a minimal standard of proof." *Id.*

The rationale of our holding in *Grady* is found in our acceptance "as a succinct and accurate expression of the law of this State," 276 Md. at 184, of the words of Moylan, J. written for the Court of Special Appeals in *Robinson v. State,* 20 Md. App. 450, 316 A. 2d 268, *cert. denied,* 272 Md. 747 (1974):

> "We think the sound view to be that an alibi is not an affirmative defense, placing any burden upon a defendant beyond the self-evident one of attempting to erode the State's proof to a point where it no longer convinces the fact finder beyond a reasonable doubt. Proof of an alibi, like any other defense testimony, is simply a means of controverting the State's effort to establish criminal agency." *Id.* at 459.

*Patterson* made clear that *Mullaney* went no further than to hold that "a State must prove every ingredient of an offense beyond a reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense. . . . Such shifting of the burden of persuasion with respect to a fact which the State deems so important that it must be either proved or presumed is impermissible under the

Supreme Court confirmed that it remained constitutional to burden the defendant with proving his insanity defense. Rivera v. Delaware, 429 U. S. 877, 97 S. Ct. 226 (1976).

Due Process Clause." 432 U. S. at 215.[10] In short, the *Winship-Mullaney* mandate is simply that the State must prove beyond a reasonable doubt every fact necessary to constitute the crime with which an accused is charged.

Both *Grady* and *State v. Evans* are in complete accord with this. In *Grady,* as we have indicated, we concluded that under the teachings of the Supreme Court "the burden is on the State to prove all elements of the alleged crime and to do so beyond a reasonable doubt." 276 Md. at 182. In *State v. Evans* we observed:

> "Of course, nothing in *Mullaney* per se precludes the use of traditional presumptions, or logical inferences arising from established facts; what *Mullaney* precludes is the use of such presumptions or inferences only when they operate, ultimately, to relieve the State of its burden of persuasion in a criminal case, *i.e.,* its burden of proving beyond a reasonable doubt all the facts necessary to constitute the offense when the issue of their existence becomes an issue in the case. *State v. Hankerson,* 288 N. C. 632, 220 S.E.2d 575 (1975)." 278 Md. at 207.

The answer to the question presented to us is obvious. Proof by a defendant that a State's witness is an accomplice involves no shifting of the burden to him to disprove any fact essential to the offenses charged since whether or not the witness was an accomplice bears no direct relationship to any element of robbery with a deadly weapon or the use of a handgun in the commission of a felony. That is, the fact that

---

10. The Court refused to "disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Patterson v. New York, 432 U. S. 197, 210, 97 S. Ct. 2319 (1977). Therefore, the Court declined "to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. . . . Proof of the non-existence of all affirmative defenses has never been constitutionally required. . . ." *Id.* The Court perceived no reason to fashion such a rule in *Patterson.*

Fritz was an accomplice *vel non* was not a fact necessary to constitute the crimes with which Bennett was charged. It was not even an affirmative defense or an exculpatory or mitigating circumstance affecting the degree of culpability or the severity of punishment. Nothing was presumed or implied against Bennett. Whether Fritz was an accomplice went only to Fritz's credibility. If he were an accomplice, his credibility is so thought in this State to be in question as to require that the evidence adduced through his testimony be corroborated.[11] We believe it to be fundamental that a party who seeks to attack the credibility of a witness has the burden of going forward. This is indicated by the general principle that a party ordinarily may not sustain the credibility of his own witness absent an attack upon credibility by the other side. *City of Baltimore v. Zell,* 279 Md. 23, 27, 367 A. 2d 14 (1977), citing McCormick, *The Law of Evidence* § 49, p. 102 (2d ed. 1972); Wigmore, *Evidence* §§ 1104, 1122-1124 (Chadbourn rev. 1972); 98 C.J.S. *Witnesses* §§ 471-472, 545.

As placing the burden on a defendant to prove that a witness against him is an accomplice has no constitutional proscriptions and is pursuant to the existing rule of this State, it necessarily follows that the Court of Special Appeals did not err in holding that Bennett had the burden of proving that the State's witness, Fritz, was an accomplice. The judgment of the Court of Special Appeals is

*Affirmed.*
*Costs to be paid by appellant.*

---

11. "Not much in the way of evidence corroborative of the accomplice's testimony has been required by our cases. We have, however, consistently held the view that while the corroborative evidence need not be sufficient in itself to convict, it must relate to material facts tending either (1) to identify the accused with the perpetrators of the crime or (2) to show the participation of the accused in the crime itself." Brown v. State, 281 Md. 241, 244, 378 A. 2d 1104 (1977), citing Wright v. State, 219 Md. 643, 650, 150 A. 2d 733 (1959).

"The requirement of corroboration of accomplice testimony is not a right guaranteed by the constitution . . . but is rather a state rule of evidence going to the sufficiency of evidence to support a conviction." Wampler v. Warden, Maryland Penitentiary, 224 F. Supp. 37, 40 (D. Md. 1963). *See* Johnson v. Turner, 429 F. 2d 1152, 1155 (10th Cir. 1970); Application of Aschmeller, 403 F. Supp. 983 (D.S.D. 1975), *aff'd,* 534 F. 2d 830 (8th Cir. 1976); Lee v. Henderson, 342 F. Supp. 561, 566 (W.D.N.Y. 1972).