**Michael SPIVEY, Petitioner–Appellant,**

v.

**Jerry STERNES, Respondent–Appellee.**

No. 00–3307, 00–3308.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 7, 2001 *.

Decided Sept. 10, 2001.

Before Hon. FLAUM, Chief Judge,
Hon. EASTERBROOK, Hon. KANNE,
Circuit Judges.

## ORDER

In 1994 a jury found Michael Spivey guilty of felony murder; he was sentenced to 45 years' imprisonment. His murder conviction was affirmed on direct appeal. *See People v. Spivey*, No. 1–94–2607, slip op. (Ill.App.Ct. May. 15, 1997) (unpublished order). After exhausting his state post-conviction remedies, Spivey petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming, among other things, that his confession was insufficiently corroborated to sustain his murder conviction and that he received ineffective assistance of counsel. Previously on direct review the Illinois appellate court had held there was sufficient evidence to find Spivey guilty beyond a reasonable doubt because his confession was "amply corroborated" by autopsy results, crime-scene evidence, and witness testimony. The district court deemed the Illinois appellate court's decision reasonable and denied Spivey's petition. We affirm.

On January 18, 1993, Spivey and two codefendants were charged with first-degree murder and armed robbery in connection with the December 25, 1992, shooting of Richard Autry in Chicago. Detective Kriston Kato and his partner, Jim Pubins, were working the night of the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

shooting and were assigned to investigate. When they arrived at the scene Kato noticed a blood stain on the ground (Autry had already been taken to the hospital) and a pellet (or BB) gun on the ground approximately 15 to 20 feet away. The officers also observed a .25–caliber shell casing in the alley. Crime lab personnel arrived and retrieved samples of the blood stain and recovered the shell casing for testing. The pellet gun was also retrieved for fingerprint analysis. Kato and Pubins then canvassed the area. They interviewed witness Beatrice Alvizo, who later testified that after hearing two gunshots from the alley next to her house she looked out her window and noticed three or four black men running from the alley. Kato and Pubins then went to the hospital where they confirmed that Autry had died from two gunshot wounds to his chest.

The next day Detective Kato continued his investigation. He interviewed Autry's wife, Patricia, and her sister, Diana Jackson. Jackson, who also testified at trial, told Kato that she had seen Autry earlier in the night with one of the codefendants, Steven Hicks. Autry, she said, had been carrying a lot of cash, some of which he asked her to give to Patricia. Patricia confirmed that she had seen Autry with Hicks in the past and told the officers his address. That same day medical examiner Dr. Tae An, who would later testify at trial, confirmed through an autopsy that Autry was shot twice in the central chest area and died from the gunshot wounds. Dr. An classified the death as a homicide.

On December 27 Kato located Hicks, who agreed to a police interview. Hicks implicated Willie Smith and Spivey in the crime. Smith subsequently agreed to be interviewed and also implicated Spivey. The detectives found Spivey and brought him to the station for an interview. Spivey was given *Miranda* warnings and then questioned about Autry's murder. Spivey initially denied any involvement in the shooting, but when Hicks and Smith gave statements in his presence he agreed to "tell the truth."

During his confession Spivey told Kato that on the day of Autry's murder, he, Hicks, and Smith had plotted to rob Autry after he was seen "flashing a big wad of money." Later that evening the three men accompanied Autry on an errand, then held him up in an alley at gunpoint and demanded his money. Spivey recounted that when Autry did not immediately comply Hicks fired two shots into his chest. Spivey admitted that he then searched Autry's pockets and found a BB gun and $100. Spivey added that he discarded the gun in the alley, pocketed the $100, and ran with Smith and Hicks to a nearby home where they divided the money.

The case against Smith and Hicks was dropped after they succeeded in suppressing their confessions. But Spivey, despite his confession, went to trial and was convicted of murder and armed robbery. On direct appeal the Illinois appellate court overturned the robbery conviction as a lesser-included offense but held there was sufficient evidence to find Spivey guilty of felony murder beyond a reasonable doubt. Although Spivey's fingerprints were not found on the BB gun or shell casing, the appellate court noted that his confession was "amply corroborated" by (1) the medical examiner's testimony that Autry was killed by two bullets to the chest, (2) police testimony that the body was found in the area Spivey described in his confession, (3) discovery of a BB gun near Autry's body, as Spivey had described, and (4) witness Beatrice Alvizo's testimony that she saw three or four black men running from the alleyway shortly after the shooting.

Spivey's § 2254 claim[1] rests on his belief that the Illinois appellate court acted contrary to federal law in finding that his confession was, in the court's words, "amply corroborated by additional evidence of the *corpus delicti.*" *Spivey*, No. 1–94–2607, slip op. at 9. Historically, the *corpus delicti* rule served the "limited function of ensuring that a defendant could not be convicted of a crime to which he had confessed if that crime never occurred"; thus, independent proof that someone had committed the offense was required. *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir.1999). But a line of Supreme Court opinions beginning with *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), and *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), and including *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), expanded the corroboration rule to require that a confession be corroborated by "substantial independent evidence" tending to establish the trustworthiness of the statement. Thus, according to Spivey, Supreme Court precedent requires corroboration by more than the *"corpus delicti."* And, Spivey insists, Autry's body was all the state had to corroborate his confession, and therefore the trial evidence was insufficient to find him guilty beyond a reasonable doubt.

■ As an initial matter, we question whether the issue as framed in Spivey's brief is properly before us. Although Spivey has insisted all along that the evidence (and specifically his confession) was insufficient to find him guilty, he failed to raise his corroboration argument until his reply in the district court. Arguments that are not fully presented to the state courts and are raised for the first time in a § 2254 petition are improper. *See* 28 U.S.C. § 2254(c); *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir.1997). But the government did not assert in its brief that Spivey had procedurally defaulted this claim, and, in any event, we conclude that he has preserved his claims for habeas corpus review by casting his present corroboration argument as a sufficiency claim.

That said, we also question whether Spivey's specific sufficiency claim could ever warrant collateral relief. A state prisoner may seek relief under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Del Vecchio v. Illinois Dep't of Corr.*, 31 F.3d 1363, 1379 (7th Cir.1994). In the present context, that raises the question whether the corroboration rule discussed in *Smith*, *Opper*, and *Wong Sun* is constitutionally mandated. At least one circuit has held that it is not. *See United States v. Dickerson*, 163 F.3d 639 (D.C.Cir.1999) (characterizing corroboration requirement as a judicially created evidentiary rule); *see also Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir.1998) (Texas *corpus delicti* requirement is not constitutionally mandated); *but cf. Aschmeller v. South Dakota*, 534 F.2d 830, 831 (8th Cir.1976) (holding that state is required to introduce substantial independent evidence which would tend to establish the trustworthiness of the confession in conformance with

---

1. Spivey filed two appeals in this case, the first from the denial of his § 2254 petition and the second from the denial of his post-judgment motion under Federal Rule of Civil Procedure 60(b). We consolidated the appeals, but Spivey makes no argument that the district court abused its discretion in denying his Rule 60(b) motion. Accordingly, we dismiss appeal no. 00–3308. As for his remaining claims, although the district court granted a certificate of appealability on two issues, Spivey has expressly abandoned his ineffective-assistance argument on appeal. Thus this order addresses only Spivey's sufficiency claim.

*Opper*). But we need not decide that question here because, as discussed below, Spivey's claim fails on the merits.

First, Spivey incorrectly perceives differences between the federal and Illinois corroboration standards. Both rules require simply that a confession be corroborated by independent evidence that supports or confirms the facts admitted in the confession. *Compare United States v. Pichany*, 490 F.2d 1073, 1076–77 (7th Cir. 1973) (corroborative proof sufficient if it supports the "essential facts admitted sufficiently to justify a jury inference of their truth") (quoting *Opper*, 348 U.S. at 93, 75 S.Ct. 158) *with People v. Hill*, 294 Ill. App.3d 962, 972, 229 Ill.Dec. 324, 691 N.E.2d 797, 804–05 (Ill.Ct.App.1998) (corroboration rule requires "facts and circumstances independent of the confession . . . that tend to confirm and strengthen [it]."). There is no requirement under either rule that the independent evidence and the details of the confession correspond in every particular, so long as the evidence presented strengthens and confirms the confession. *See Opper*, 348 U.S. at 93, 75 S.Ct. 158; *People v. Furby*, 138 Ill.2d 434, 450–52, 150 Ill.Dec. 534, 563 N.E.2d 421, 428 (Ill.1990).

In any event, the core question in this case is whether the decision of the Illinois appellate court on direct appeal resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Anderson v. Cowan*, 227 F.3d 893 (7th Cir.2000). Spivey's constitutional argument amounts to a claim that there was insufficient evidence to support his conviction due to the fact that his confession was insufficiently corroborated as required by Supreme Court law. The relevant question for the Illinois appellate court was

whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Our task on habeas review is to determine whether the Illinois appellate court reasonably applied the *Jackson* standard.

Although the state introduced no physical, scientific, or eyewitness evidence linking Spivey to the crime, police and the medical examiner independently corroborated facts that Spivey admitted during his confession, all of which extended beyond the mere presence of Richard Autry's dead body. The Illinois appellate court relied on this independent evidence when it held that there was sufficient evidence to corroborate Spivey's confession and to uphold his murder conviction. Accordingly, we do not believe that the Illinois appellate court unreasonably applied federal law in determining that Spivey's confession was amply corroborated.

AFFIRMED.