THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN FELDMAN, Appellant.

Third Department, July 19, 1979

## APPEARANCES OF COUNSEL

*E. Stewart Jones, Jr.,* for appellant.

*Sol Greenberg, District Attorney (F. Patrick Jeffers* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J.

At issue on this appeal following Stephen Feldman's conviction of criminal sale of a controlled substance in the third degree, is whether he was entitled to have the jury instructed on principles of agency. The trial court refused to so charge on the ground there was no reasonable view of the evidence which might allow the jury to find that defendant had acted solely as an agent of the buyer. Testimony crucial to its

decision was furnished by three witnesses: undercover officer Fargione of the Albany Police Department (the buyer alleged in the indictment); an informant named Bowe; and the defendant himself. A careful review of this evidence, combined with application of pertinent Court of Appeals rulings on the subject, persuades us that the trial court was correct in its determination.

The accounts of Fargione and Bowe matched in all essential details. They went to defendant's apartment on March 1, 1978 seeking to purchase cocaine as arranged earlier that day by Bowe in a series of telephone conversations with Feldman. While Fargione waited in another room, defendant handed the informant a white powdery substance wrapped in freezer paper. Bowe pocketed some of it and added kitchen flour supplied by Feldman to the remainder before giving the original packet to Fargione. The officer and Bowe immediately rejoined defendant, whereupon Fargione engaged him in a brief conversation and attempted to hand him $125, the price previously quoted to Bowe. Feldman rejected the tender, indicating that it should be given to Bowe instead. The informant took the money and, still in the officer's presence, simply handed it over to defendant. The entire transaction lasted approximately 15 minutes and laboratory examination later confirmed that the package Fargione received contained cocaine.

Defendant's version of this affair was much the same except in one major respect. He testified that he was concerned upon encountering Fargione at his apartment; kept him in another room throughout his dealings with Bowe, and accepted reimbursement for the cost of the drug directly from Bowe in the absence of the officer. He further related that this was the first time he had procured cocaine for another and that he had done so without profit or interest to himself. In short, Feldman insisted he had only desired to accommodate Bowe.

A closer analysis of defendant's position reveals its basic weakness. An agency charge under these circumstances would have been appropriate had he been charged with selling the drug to Bowe for, if his explanation of matters were accepted, a jury might have reasonably concluded that Feldman was merely a purchaser doing a favor for a friend (see *People v Lam Lek Chong,* 45 NY2d 64, 74-75, cert den 439 US 935). However, the indictment accused him of selling cocaine to

Fargione, not Bowe, and his answer to the specific charge was that he had no involvement whatever with the officer.

There was no proof of any agency relationship between defendant and Fargione. Feldman as "agent" had never met or conversed with his "principal" and was admittedly apprehensive when Bowe brought the officer to his residence. Defendant's self-described actions portray one bent on avoiding contact with Fargione; there was absolutely no evidence he was serving as the officer's instrumentality (cf. *People v Roche,* 45 NY2d 78, 86, cert den 439 US 958). To the contrary, the thrust of his response to the indictment was a denial of any participation in a drug sale to Fargione. The jury obviously rejected that view of events and defendant does not challenge the adequacy or weight of the evidence supporting its verdict. Consequently, although Feldman may have been Bowe's agent, we fail to see how an understanding of that relationship would have aided the jury in its deliberations unless it could also be said that the nature of the relationship was sufficiently broad to make defendant Fargione's agent as well.

We question whether such a theory of imputed agency possesses validity for it would seemingly permit any middleman to escape criminal liability through the device of selling to a friend (see *People v Argibay,* 45 NY2d 45, 53). Moreover, even if we accepted defendant's "sub-agency" hypothesis, it would not apply to the facts of this case. While Bowe was characterized as being an informant, there is no indication that he had assisted the police in other drug-related investigations, nor is it fairly inferable that he was a mere subject of police direction in his negotiations with defendant. All contacts between Bowe and Feldman on the date of the incident were initiated by Bowe without police prompting and took place during a single afternoon. Bowe's status as a volunteer, albeit one expecting consideration in the disposition of a pending criminal matter, was uncontested and the record discloses no basis for concluding that he was serving as an alter ego of the police in an investigation which had already focused on a given suspect. Accordingly, there was no reasonable view of the evidence that would support the tenuous agency proposition advanced by defendant.

We have considered defendant's remaining arguments and find them to lack merit. The sentence imposed was not unconstitutional or excessive *(People v Broadie,* 37 NY2d 100, cert

den 423 US 950; see *Carmona v Ward,* 576 F2d 405, cert den 439 US 1091 and we discern no prejudicial error in the prosecutor's summation or in the trial court's instructions to the jury.

The judgment should be affirmed.

MAHONEY, P. J. (dissenting). The majority opinion is devoid of any factual references to conversations between the defendant and the informant Bowe concerning procurement of the cocaine. The record indicates that the defendant and Bowe had previously engaged in many conversations involving cocaine and the inference that on March 1, 1978, the defendant procured the drug solely at the behest of his acquaintance Bowe could easily have been drawn by the jury. This inference is strengthened by the fact that the defendant made no profit on the instant transaction, and because Bowe had called the defendant five days earlier and asked that the defendant procure some cocaine for him. "[S]o long as there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer, determination of the existence of an agency relationship should be submitted to the jury with appropriate instructions [citations omitted]" *(People v Roche,* 45 NY2d 78, 86). Further, if defendant was merely Bowe's agent in acquiring the drug, he did not have an interest in the subsequent sale to the police officer Fargione. Since the "sale" is an essential element of the crime of which defendant was convicted (see Penal Law, § 220.39), the failure of the trial court to charge the jury on the issue of agency in effect eliminated this element from the prosecution's burden of proof.

Since the majority concedes that "Feldman may have been Bowe's agent", it necessarily follows that the theory of agency should have been charged and the insistence by the majority that such a charge was obviated because the indictment names Fargione as the purchaser is without meaning. The judgment, therefore, should be reversed and a new trial ordered.

STALEY, JR., and HERLIHY, JJ., concur with KANE, J.; MAHONEY, P. J., and GREENBLOTT, J., dissent and vote to reverse in a separate opinion by MAHONEY, P. J.

Judgment affirmed.