Jones, J.
(dissenting). The order of the Appellate Division should be affirmed for the reasons stated in the opinion of Mr. Justice T. Paul Kane in that court (69 AD2d 151).
It was charged in the indictment that "defendant did sell to one Detective Thomas Fargione, Albany Police Department, a quantity of the narcotic drug cocaine”. The trial court charged the jury that the People were required to prove beyond a reasonable doubt that defendant sold a narcotic drug "to Thomas Fargione, an undercover police officer”. It was the defense theory that defendant had made no such sale, that his handling of the drugs was solely, by way of accommodation, to assist the informer Ronald Bowe to obtain the drugs and for no other purpose, and that defendant had had no transaction with Detective Fargione. The defense request for an agency defense charge was orally predicated on the contention that defendant was Bowe’s agent. The Trial Judge denied the request to charge, stating: "I am not going to charge agency. It may well be that the defendant was the agent of Ronald Bowe in this transaction. However, the indictment charges the defendant with sale of a controlled substance to Officer Fargione and under any reasonable view of the evidence, this Court cannot see how an agency relationship exists between the defendant and the buyer.” Defense counsel excepted but advanced no exposition of any theory that defendant was Fargione’s agent. Specifically it was never then faintly intimated, as has now been asserted, that defendant might have been a subagent of Fargione, the buyer named in the indictment, through the intermediate agency of Bowe; defendant denied any relationship whatsoever with Fargione, direct or indirect.
The trial court should not be faulted in the appellate courts for not having foreseen a wholly novel construct or for failing to have divined defendant’s present subagency concept. Whatever would have been the legal consequence of the denial of a request incorporating such a construct or concept, it should be dispositive for present purposes that no such theory was ever advanced in the trial court.
The majority appear to conclude that, inasmuch as there was proof from which it could be determined that defendant, acted as agent of Bowe, he was entitled to an agency defense *506 charge, notwithstanding the absence of any proof that defendant was agent of Fargione. This would be so if a conviction could have been based on a finding that defendant had made a sale to Bowe; to such a sale proof of such an agency would have been a defense. But defendant was not charged with selling to Bowe; the charge was sale to Fargione — if the jury found that defendant sold to Bowe and not to Fargione he was entitled to an acquittal; if, as proved to be the case, the jury found that defendant had sold to Fargione, any agency relationship with Bowe as principal would be legally irrelevant.
I find genuinely disturbing the suggestion in the majority opinion that an indictment alleging the sale of a controlled substance to a specifically named individual (here Detective Fargione) might be the jurisdictional predicate for conviction of sale to another individual (here Bowe): "Nor is it material that the indictment charged defendant with selling the drugs to Fargione, not Bowe. Quite simply, the corpus delicti of the crime charged was the transfer of a controlled substance * * * the person to whom that substance was transferred was immaterial to this conviction” (p 504). Unassailable notions of due process and fundamental fairness plainly dictate that a defendant be afforded notice of the precise charge against him. He cannot be convicted under an indictment charging sale to A by proof that he sold to B. Under no view could this be considered an immaterial variance from the indictment (cf. People v Cunningham, 48 NY2d 938, 940). Nor do I comprehend the suggestion that by charging defendant with having sold to Fargione the prosecution has somehow deprived defendant of his right to assert an agency defense to a sale to Bowe.
Chief Judge Cooke and Judges Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion; Judge Jones dissents and votes to affirm in a separate opinion in which Judges Jasen and Gabrielli concur.
Order reversed, etc.