[Crim. No. 2121. Fourth Dist., Div. One. Feb. 8, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. DAVE VALARDI, Defendant and Appellant.

Robert H. Green for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.— ▇ A truck was stolen. Disregarding an accomplice's testimony (*People* v. *Luker,* 63 Cal.2d 464, 469 [47 Cal.Rptr. 209, 407 P.2d 9]), the sole evidence implicating defendant is a hearsay statement admitted under an exception to the hearsay rule involving a conspiracy charge against defendant: The accomplice's wife testified her husband told her that he, defendant and two others stole the truck. Is this sufficient evidence tending to connect defendant with the crime? (*People* v. *Luker, supra,* 63 Cal.2d 464, 469.) No. An accomplice's testimony is no better coming from another's mouth than coming from his own. If it were, the accomplice could broadcast his testimony to the world before trial and then call anyone who heard it to corroborate it in court.

The evidence of defendant's presence at the ranch where the stolen truck was taken was merely a suspicious circumstance, offset in part at least, by his employment there. A mere grave suspicion cast upon the defendant does not suffice. (*People* v. *Luker, supra,* 63 Cal.2d 464, 469.)

Judgment reversed.

Coughlin, J., and Whelan, J., concurred.