281 Md. 241 (1977)
378 A.2d 1104
JACQUELINE BROWN
v.
STATE OF MARYLAND
[No. 5, September Term, 1977.]
Court of Appeals of Maryland.
Decided October 26, 1977.
The cause was argued before MURPHY, C.J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.
Martha Villmoare, Assistant Public Defender, with whom were Alan H. Murrell, Public Defender, and George E. Burns, Jr., Assistant Public Defender, on the brief, for appellant.
Gilbert H. Robinette, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, Clarence W. Sharp and Arrie W. Davis, Assistant Attorneys General, on the brief, for appellee.
MURPHY, C.J., delivered the opinion of the Court.
A jury in the Criminal Court of Baltimore found appellant, Jacqueline Brown, guilty of murder in the second degree. She appealed, contending that her conviction should be reversed because it rested solely on the uncorroborated testimony of an accomplice. The Court of Special Appeals affirmed the judgment in an unreported opinion, holding *242 that there was legally sufficient evidence corroborative of the accomplice's testimony to support the conviction. We granted certiorari and requested the parties to consider, as an additional question, whether the long-standing rule of our cases that a person accused of crime may not be convicted on the uncorroborated testimony of an accomplice should be abandoned.
At common law, the testimony of an accomplice, although uncorroborated, was sufficient to warrant a conviction if it satisfied the trier of fact beyond a reasonable doubt of the guilt of the accused. See 7 J. Wigmore, Evidence § 2056 et seq. (3d ed. 1940). The federal courts, and thirty of our sister states, adhere to this traditional common law view.[1] Our *243 predecessors in Luery v. State, 116 Md. 284, 81 A. 681, decided in 1911, first formulated the rule in Maryland that a conviction may not rest on the uncorroborated testimony of an accomplice. The Court there said:
"It is true that at common law a verdict of the jury would not be set aside merely because founded on the evidence of an accomplice which was not corroborated, but by legislation in many states of this country and by the practice of most of the courts, where there is no such statute, such a verdict is regarded as an exceedingly dangerous one, and is not approved by the Courts. In those jurisdictions where it is not positively prohibited unless corroborated, the evidence of an accomplice is universally received with caution and weighed and scrutinized with great care....
"... [T]he undoubted fact is that the experience of the Courts, which is certainly much greater than that of juries, is that it is unsafe, at least in the great majority of cases, to rest a conviction upon the uncorroborated evidence of an accomplice. Any one who has had experience at nisi prius trials knows how captivating is the story of one relating the circumstances connected with some mysterious crime. When such a one has as a motive the *244 prospect of freedom, a milder sentence or the favor of the officers who have him in charge, an innocent one may undoubtedly be made to suffer, if great caution is not used. Hence it would seem to be safer to require some corroboration...." 116 Md. at 292-93, 81 A. at 684.
The Court stated the Maryland rule requiring corroboration even more forcefully in Watson v. State, 208 Md. 210, 117 A.2d 549 (1955):
"The reason for the rule requiring the testimony of an accomplice to be corroborated is that it is the testimony of a person admittedly contaminated with guilt, who admits his participation in the crime for which he particularly blames the defendant, and it should be regarded with great suspicion and caution, because otherwise the life or liberty of an innocent person might be taken away by a witness who makes the accusation either to gratify his malice or to shield himself from punishment, or in the hope of receiving clemency by turning State's evidence." (citation omitted) 208 Md. at 217, 117 A.2d at 552.
Not much in the way of evidence corroborative of the accomplice's testimony has been required by our cases. We have, however, consistently held the view that while the corroborative evidence need not be sufficient in itself to convict, it must relate to material facts tending either (1) to identify the accused with the perpetrators of the crime or (2) to show the participation of the accused in the crime itself. See Wright v. State, 219 Md. 643, 150 A.2d 733 (1959). If with some degree of cogency the corroborative evidence tends to establish either of these matters, the trier of fact may credit the accomplice's testimony even with respect to matters as to which no corroboration was adduced. McDowell v. State, 231 Md. 205, 189 A.2d 611 (1963). That corroboration need not extend to every detail and indeed may even be circumstantial is also settled by our cases. Nolan v. State, 213 Md. 298, 131 A.2d 851 (1957); Brown v. *245 State, 210 Md. 301, 123 A.2d 324 (1956). We have steadfastly adhered to these principles over the years since Luery was decided. See State v. Foster, 263 Md. 388, 283 A.2d 411 (1971); Strong v. State, 261 Md. 371, 275 A.2d 491 (1971); Veney v. State, 251 Md. 159, 246 A.2d 608 (1968); Boggs v. State, 228 Md. 168, 179 A.2d 338 (1962); Mulcahy v. State, 221 Md. 413, 158 A.2d 80 (1960); Early v. State, 13 Md. App. 182, 282 A.2d 154 (1971).
While only Maryland and Tennessee[2] require corroboration as a matter of case law, seventeen other states, including New York and California, presently have statutes barring conviction of an accused person solely on uncorroborated accomplice testimony.[3] Those jurisdictions which follow the common law rule and do not require corroboration of an accomplice's testimony all reflect concern about the reliability of accomplice testimony; they recognize that an accused is entitled to a cautionary instruction, if requested, that the accomplice's testimony should be received with caution and scrutinized with care.[4]
It is argued that the quantum of corroborative proof independent of the accomplice's testimony required to justify conviction is so slight under our cases, and the rule itself so difficult of application, that it should be abandoned. It is also maintained that there is no valid reason for distinguishing between accomplice testimony in criminal cases and any other category of highly biased witness *246 testimony; to retain the rule, it is argued, is to unreasonably continue to isolate one of but many circumstances in which a witness has a reason to lie. It is urged that the credibility of the witness-accomplice's testimony should be adjudged in the same manner as the credibility of any other witness, it being for the trier of fact to take into consideration the particular motivation of the accomplice in testifying.
We see as much need today, perhaps more so in view of the escalating prosecutorial trend freely to utilize accomplices as State witnesses, to retain the requirement that a person accused of crime not be convicted on the uncorroborated testimony of an accomplice. In so concluding, we recognize that a jury instruction that accomplice testimony be examined with care and viewed with suspicion serves much the same purpose as the Maryland rule requiring corroboration. But although our rule may be of limited utility, we think, as our predecessors said in Luery, that it is "safer to require some corroboration" of accomplice testimony. 116 Md. at 293.
We think the Court of Special Appeals was correct in holding that the accomplice's testimony was adequately corroborated in this case. There was testimony from the appellant's mother and daughter, and from the appellant herself, of material facts independent of the accomplice's testimony that tended to show that the appellant was either identified with the perpetrators of the crime or participated in the commission of the crime itself.
Judgment affirmed; appellant to pay costs.
NOTES
[1] Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442 (1917); United States v. Gunter, 546 F.2d 861, 869 (10th Cir.1976); United States v. Wright, 542 F.2d 975, 988-89 (7th Cir.1976); United States v. Swiderski, 539 F.2d 854, 860 (2d Cir.1976); United States v. Garcia, 528 F.2d 580, 587-88 (5th Cir.1976); United States v. Clark, 541 F.2d 1016, 1018 (4th Cir.1976); United States v. Sarvis, 523 F.2d 1177, 1180-81 (D.C. Cir.1975); United States v. Beasley, 519 F.2d 233, 243 (5th Cir.1975); United States v. Riddick, 519 F.2d 645, 647-49 (8th Cir.1975); United States v. Downen, 496 F.2d 314, 318 (10th Cir.1974); United States v. Dunn, 494 F.2d 1280, 1281-82 (8th Cir.1974); United States v. Sacco, 491 F.2d 995, 1003-04 (9th Cir.1974); United States v. Willis, 473 F.2d 450, 454 (6th Cir.1973); United States v. House, 471 F.2d 886, 888 (1st Cir.1973); United States v. Owens, 460 F.2d 268, 269 (10th Cir.1972); United States v. Adams, 454 F.2d 1357, 1360 (7th Cir.1972); United States v. Miller, 451 F.2d 1306, 1307 (4th Cir.1971); United States v. Miceli, 446 F.2d 256, 258-59 (1st Cir.1971); United States v. Strauss, 443 F.2d 986, 991 (1st Cir.1971); United States v. Corallo, 413 F.2d 1306, 1322 (2d Cir.1969); United States v. Haynes, 403 F.2d 54, 55 (6th Cir.1968); United States v. Tiche, 424 F. Supp. 996, 1000-01 (W.D. Pa. 1977).

The state jurisdictions which do not require corroboration are: People v. Martinez, 187 Colo. 413, 531 P.2d 964 (1975); State v. Cari, 163 Conn. 174 303 A.2d 7 (1972); State v. La Fountain, 140 Conn. 613, 103 A.2d 138 (1954); Jacobs v. State, 358 A.2d 725 (Del. 1976); O'Neal v. State, 247 A.2d 207 (Del. 1968); Anderson v. State, 241 So.2d 390 (Fla. 1970); Scott v. State, 229 Ga. 541, 192 S.E.2d 367 (1972); State v. Johnston, 51 Haw. 195, 456 P.2d 805 (1969); State v. Carvelo, 45 Haw. 16, 361 P.2d 45 (1961); People v. Mentola, 47 Ill.2d 579, 268 N.E.2d 8 (1971); People v. Baer, 35 Ill. App.3d 391, 342 N.E.2d 177 (1976); Tope v. State, Ind., 362 N.E.2d 137 (1977); Newman v. State, 263 Ind. 569, 334 N.E.2d 684 (1975); State v. Bey, 217 Kan. 251, 535 P.2d 881 (1975); State v. May, 339 So.2d 764 (La. 1976); State v. Matassa, 222 La. 363, 62 So.2d 609 (1952); State v. Sawyer, 314 A.2d 830 (Me. 1974); State v. Smith, 312 A.2d 187 (Me. 1973); Commonwealth v. Johnson, Mass., 361 N.E.2d 212 (1977); Commonwealth v. French, 357 Mass. 356, 259 N.E.2d 195 (1970); People v. De Lano, 318 Mich. 557, 28 N.W.2d 909 (1947); People v. Massey, 63 Mich. App. 142, 234 N.W.2d 432 (1975); Sanders v. State, 313 So.2d 398 (Miss. 1975); State v. Carlos, 549 S.W.2d 330 (Mo. 1977); State v. Lang, 515 S.W.2d 507 (Mo. 1974); State v. Martin, 190 Neb. 212, 206 N.W.2d 856 (1973); State v. Oglesby, 188 Neb. 211, 195 N.W.2d 754 (1972); State v. West, 112 N.H. 317, 295 A.2d 457 (1972); State v. Rumney, 109 N.H. 544, 258 A.2d 349 (1969); State v. Begyn, 34 N.J. 35, 167 A.2d 161 (1961); State v. Maes, 81 N.M. 550, 469 P.2d 529 (1970); State v. Madden, 292 N.C. 114, 232 S.E.2d 656 (1977); State v. McNair, 272 N.C. 130, 157 S.E.2d 660 (1967); State v. Wolery, 46 Ohio St.2d 316, 348 N.E.2d 351 (1976); State v. Flonnory, 31 Ohio St.2d 124, 285 N.E.2d 726 (1972); Commonwealth v. Bradley, 449 Pa. 19, 295 A.2d 842 (1972); State v. Myers, 115 R.I. 583, 350 A.2d 611 (1976); State v. Pella, 101 R.I. 62, 220 A.2d 226 (1966); State v. Collins, 226 S.C. 566, 225 S.E.2d 189 (1976); State v. Steadman, 257 S.C. 528, 186 S.E.2d 712 (1972); State v. Reed, 127 Vt. 532, 253 A.2d 227 (1969); State v. Crepeault, 126 Vt. 338, 229 A.2d 245 (1967); Blount v. Commonwealth, 213 Va. 807, 195 S.E.2d 693 (1973); Brown v. Commonwealth, 208 Va. 512, 158 S.E.2d 663 (1968); State v. Johnson, 77 Wash.2d 423, 462 P.2d 933 (1969); State v. Reese, 15 Wash. App. 619, 550 P.2d 1179 (1976); State v. Spadafore, W. Va., 220 S.E.2d 655 (1975); State v. Humphreys, 128 W. Va. 370, 36 S.E.2d 469 (1945); Kutchera v. State, 69 Wis.2d 534, 230 N.W.2d 750 (1975); Phillips v. State, 553 P.2d 1037 (Wyo. 1976); Loddy v. State, 502 P.2d 194 (Wyo. 1972).
[2] In Tennessee, the corroboration necessary to support the testimony of an accomplice is "some fact testified to entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but that the defendant is implicated in it, and the corroboration must consist of some fact that affects the identity of the party accused." State v. Fowler, 213 Tenn. 239, 245-46, 373 S.W.2d 460 (1963).
[3] See Ala. Code tit. 15, § 307; Alaska Stat. § 12.45.020; Ark. Stat. Ann. § 43-2116; Cal. Penal Code § 1111 (West); Idaho Code § 19-2117; Iowa Code Ann. § 782.5 (West); Minn. Stat. Ann. § 634.04 (West); Mont. Crim. Code § 95-3012; Nev. Rev. Stat. § 175.291; N.Y. Crim. Proc. Law § 60.22 (McKinney); N.D. Cent. Code Anno. tit. 29, § 21-14; Okla. Stat. Ann. tit. 22, § 742 (West); Or. Rev. Stat. § 136.440; S.D. Compiled Laws Ann. tit. 23, § 44-10; Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon); Utah Code Ann. § 77-31-18. In Kentucky, corroboration is required by Criminal Rule 9.62, which incorporates the substance of Ky. Crim. Code §§ 241 and 242.
[4] See the cases collected at footnote 1, supra.