OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
For reasons stated by the Appellate Division, there was sufficient evidence to corroborate the accomplice testimony. In addition to the evidence concerning the moneygram dispatched on September 10, 1974, many of the details of the accomplice’s narrative were corroborated by the defendant’s own testimony, as well as by that of other witnesses. The corroborative evidence, although it did not independently establish the elements of the offense, was more than legally necessary. Contrary to defendant’s argument, evidence corroborating accomplice testimony "need not prove the commission of the crime. It is enough if the evidence shown to connect the defendant with the crime [reasonably] satisfies the jury that the accomplice is telling the truth” (People v Arce, 42 NY2d 179, 186; see, e.g., People v Daniels, 37 NY2d 624, 629-630). Here, the independent evidence so harmonized " 'with the accomplice’s narrative as to have a tendency to furnish the necessary connection between the defendant and the crime’ ” (People v Daniels, 37 NY2d 624, 629).
Nor was error committed when the prosecution offered proof at trial as to a portion of the criminal transaction which occurred outside the dates specified in the indictment. "It is well settled that except where time is a material ingredient of the crime the prosecution is not confined in its evidence to the precise date laid in the indictment, but may prove that the offense was committed at any time prior to the commencement of the prosecution and such proof does not constitute a material variance” (People v La Marca, 3 NY2d 452, 458-459, cert den 355 US 920; accord, e.g., People v Jackson, 111 NY 362, 369; People v Krank, 110 NY 488, 492). In any event, here, the People produced evidence from which the jury could have concluded that part of the purchase price was paid in early September, 1974, well within the September 1 to September 25 period delineated in the indictment, even though *941 actual delivery of the controlled substances might have been accomplished during the end of August.
We have reviewed those of defendant’s remaining contentions which are preserved and find no reversible error.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.