THE STATE OF OHIO, APPELLANT, *v.* DIEHL, APPELLEE.

(No. 80-479—Decided December 23, 1980.)

180

*Mr. James A. Berry,* prosecuting attorney, and *Ms. Catherine B. Wilder,* for appellant.

*Mr. J. Tullis Rogers* and *Ms. Elizabeth Manton,* for appellee.

*Per Curiam.* We agree with the Court of Appeals that the accusations of McGhee, contained in the transcript of his grand jury testimony, and admitted in subsequent testimony, were not corroborated, as required by R. C. 2923.03(D). Therefore, we need not decide whether either the transcript or Frances Byerman's testimony was admissible.

R. C. 2923.03(D) changed the common law in Ohio.[2] It states that no conviction may be based solely upon the uncorroborated testimony of an accomplice.

In *State* v. *Pearson* (1980), 62 Ohio St. 2d 291, at paragraph two of the syllabus, we stated:

"In order for the prosecution to satisfy the corroboration

---

[2] Before R. C. 2923.03 (D) was enacted, a conviction could be based solely upon the uncorroborated testimony of an accomplice. *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124, paragraph three of the syllabus.

requirement of R. C. 2923.03(D), independent evidence must support an accomplice's testimony, and must tend to connect the accused with the alleged crime or must tend to identify the accused as a guilty actor."

The state argues that McGhee's grand jury testimony is corroborated in two instances. First, the state contends that Frances Byerman's testimony is corroborative. Even assuming her testimony to be admissible, we disagree because her testimony was not independent. Rather, it was merely a restatement of what McGhee told the grand jury. To say that such testimony is corroborative would allow an accomplice to corroborate his own testimony.

Second, the state argues that the testimony of Steven Cooley corroborates McGhee's testimony because it shows that he had a large amount of money on the day of the robbery. Cooley, the used car manager at Downtown Used Cars, testified that the appellee purchased a used car from him on October 26, 1977, the day of the robbery. Further, he testified that appellee paid $319.90 in cash as a down payment. However, on cross-examination, he said that appellee had to borrow at least part of the down payment. Cooley's testimony does not establish a sufficient connection between the appellee and the robbery. Nor does it identify him as a guilty actor. *State* v. *Pearson, supra.*

As there is no evidence in the record which corroborates McGhee's testimony, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.