No. 80-38

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

HAROLD W. MITCHELL, JR.,

Defendant and Appellant.

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Lake.
Honorable John McCarvel, Judge presiding.

Counsel of Record:

For Appellant:

Datsopoulos, MacDonald and Lind, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Richard P. Heinz, County Attorney, Polson, Montana

Submitted on briefs: December 30, 1980

Decided: APR 1 1981

Filed: APR 1 1981

Thomas J. Kearney
_____
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant, Harold W. Mitchell, Jr., appeals his convictions of felony criminal mischief and solicitation entered in the Lake County District Court, the Honorable John M. McCarvel presiding.

Early in the morning of October 30, 1977, the defendant's mobile home and its contents were destroyed by fire. The property was located in a rural subdivision near St. Ignatius, Montana. The next day a juvenile, John T. Hammond, contacted the Lake County sheriff's office and told them that Mitchell had recently purchased a $25,000 fire insurance policy on the trailer home. Hammond further stated that defendant had removed most of the valuable items in the trailer to an adjacent shop building and to another trailer home owned by JoAnn Roske. Hammond also stated that he helped in replacing the removed furniture with furnishings of an inferior quality.

On November 2, 1977, Hammond informed the sheriff's office, in a tape recorded statement, that he in fact had set the fire after Mitchell offered him $500 and a car to burn the trailer while Mitchell was out of town for the weekend. Hammond indicated he set the fire by placing gasoline-soaked rags around the trailer's furnace and lighting them with a cigarette lighter.

On October 31, 1977, defendant Mitchell filed a claim to collect on the fire insurance policy. The insurance agent, upon receiving the claim and after being advised by the county sheriff that the fire was under investigation, asked defendant to make a list describing the personal property destroyed and its value. This information was

-2-

needed before payment of the claim could be remitted. The sheriff's office also expressed an interest in obtaining this list once it was received by the agent.

Defendant responded to the request with a handwritten inventory which was submitted unsigned. At the request of the sheriff's office, the insurance agent typed the inventory and asked defendant to sign it and then have it certified. In a letter the agent also made an invitation for the defendant to add an addendum should he wish to include additional property. Defendant signed the typed list, certified it, and returned it with additional property listed in an addendum as being destroyed.

The insurance agent forwarded the signed list to the county sheriff. This list was then shown to Hammond who indicated which items had been moved to Roske's trailer. As a result of this information, a search warrant was issued, and various items were seized from the Roske trailer that corresponded with items on the list.

Mitchell was arrested on December 16, 1977, and charged with solicitation and criminal mischief. The first offense was based on an allegation that Mitchell commanded, encouraged, or facilitated the commission of the crime of criminal mischief by requesting Hammond to burn his trailer home. The second offense, criminal mischief, was based on a charge that he knowingly or purposely destroyed the trailer with the purpose to defraud an insurer by means of fire set by another whom he had solicited, aided and abetted.

During trial, Hammond was presented as the prosecution's key witness. He testified to helping defendant move various items out of the trailer to the Roske

residence and related how he burned the trailer after being approached by Mitchell. Hammond also revealed that the night before the fire, while defendant was out of town, he had a party in defendant's trailer. Hammond stated the party was attended by about twenty-five people but that no significant damage was done to the trailer. According to a neighbor, however, who was disturbed by the noise and investigated, the trailer was in a considerable mess as a result of the party.

Mitchell denied having induced Hammond to set the fire. He further testified that he and Roske had recently separated after living together for several years and that the furniture and other personal property moved out of his trailer belonged to Roske. According to defendant, these were not the items included on the list as being destroyed in the fire.

The deputy fire marshall who investigated the fire could not determine its cause. He was unable to find the presence of hydrocarbons at the scene which would have indicated that the fire had an incendiary origin. He did testify, however, that the evidence was consistent with Hammond's statement that he had set the fire.

Following trial, defendant was convicted of both solicitation and criminal mischief. The court sentenced him to eight years' imprisonment with six years suspended on each count, the sentences to run concurrently. Defendant now appeals.

The first issue is whether the testimony of Hammond, as an accomplice, was corroborated by sufficient independent evidence.

-4-

The statutory requirements for corroboration are set forth in section 46-16-213, MCA:

"A conviction cannot be had on the testimony of one responsible or legally accountable for the same offense, as defined in 45-2-301, unless the testimony is corroborated by other evidence which in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commisson of the offense or the circumstances thereof."

Montana case law concerning corroboration is well settled. It provides that the corroborating evidence may be supplied by the defendant or his witnesses; it may be circumstantial evidence; it need not be sufficient to sustain a conviction or establish a prima facie case of guilt; and, it need only tend to connect the defendant with the crime as charged. Where the claimed corroboration, however, shows no more than an opportunity to commit a crime, simply proves suspicion, or is equally consonant with a reasonable explanation pointing toward innocent conduct on part of the defendant, the evidence is to be deemed insufficient. See State v. Kemp (1979), _____ Mont. _____, 597 P.2d 96, 36 St.Rep. 1215; State v. Owens (1979), _____ Mont. _____, 597 P.2d 72, 36 St.Rep. 1182; State v. Coleman (1978), _____ Mont. _____, 579 P.2d 732, 35 St.Rep. 560; State v. Jones (1933), 95 Mont. 317, 26 P.2d 341; State v. Cobb (1926), 76 Mont. 89, 245 P. 265.

The State maintains that Hammond's testimony is sufficiently corroborated by the following: defendant's testimony that his trailer was not insured until shortly before the fire; testimony of defendant and Roske that numerous items of personal property belonging to Roske were

moved from the premises to Roske's trailer; the various items seized in Roske's trailer which corresponded with items listed on defendant's insurance claim as destroyed in the fire; the testimony of Gladys Orr that upon visiting Roske's trailer shortly before the fire she viewed various pieces of furniture and other personal property which again corresponded with items listed by defendant as destroyed; and, the testimony of Bud Castor and Butch Pierce that Hammond told them prior to the actual fire that defendant offered him cash and a car to set fire to the trailer.

In determining the sufficiency of the offered evidence, we must first reject the State's inclusion of the testimony by Castor and Pierce. Even though this testimony was offered to rebut defendant's charge of subsequent fabrication and, thus, was admissible as nonhearsay under Rule 801(d)(1)(B), Mont.R.Evid. (see State v. Mackie (1981), ____ Mont. ____, 622 P.2d 673, 38 St.Rep. 86), its use as corroborating evidence is improper.

The State has cited State v. Dolan (1980), ____ Mont. ____, 620 P.2d 355, 37 St.Rep. 1860, in support of using this testimony. This case is easily distinguishable. In Dolan the prosecution introduced evidence that the defendant had admitted the offense to a bartender who later testified to the conversation at trial. The court held that the bartender's testimony was nonhearsay and substantive evidence sufficient to corroborate the testimony of an accomplice.

Here, however, the State is attempting to use, not a previous statement by the defendant to corroborate an accomplice, but a previous statement of the accomplice.

Consequently, if we were to allow the testimony to be used as corroborating evidence, we would in effect be allowing a prior statement made by an accomplice to corroborate his own testimony. Such a result would frustrate the purpose of the statute and will not be permitted.

Being unable to make use of the testimony of Castor and Pierce, the State, in an attempt to corroborate Hammond's testimony, is left with evidence showing the purchase of the insurance by defendant, the transfer of various items from defendant's trailer to Roske's trailer, and items seized after the fire and viewed in Roske's trailer shortly before the fire which correspond to items listed on an insurance claim as being destroyed. Upon reviewing this evidence, we find that it is sufficient corroboration of Hammond's testimony. The total sum of the evidence does more than create a mere suspicion of guilt. It is consistent with the State's theory of culpability and is supportive of a finding that the evidence tends to connect defendant with the criminal activity at issue.

We acknowledge that the evidence presented does not establish a prima facie case of culpability; however, such a finding is not a necessary requirement for corroboration. The evidence can be circumstantial and need only ". . . tend to connect the defendant with the commission of the criminal offense." Section 46-16-213, MCA. The evidence in this regard is deemed sufficient.

The second issue raised by defendant concerns his contention that a conviction of both solicitation and criminal mischief is barred by section 46-11-502(2), MCA, which provides:

"When the same transaction may establish the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

". . .

"(2) one offense consists only of a conspiracy or other form of preparation to commit the other;"

Under the facts of this case, we must agree with defendant's position. Count II of the information, as filed, alleged that defendant was guilty of criminal mischief solely on the theory of accountability because he "solicited . . . aided and abetted" Hammond. The actual solicitation of Hammond, as charged in Count I, was thus a necessary preparatory act to the offense of criminal mischief, and a conviction on both counts was improper.

The State concedes that a conviction on both charges was improper. It argues, however, that since defendant failed to object at trial to the submission of both counts to the jury, he is precluded from raising this issue on appeal. In rejecting this argument, we need only note that the error did not occur when the charges were presented to the jury but arose only after the District Court rendered a final judgment of conviction on both counts. See sections 46-11-502 and 46-1-201(2), MCA. The error at trial being predicated solely on an assertion that the final judgment of conviction was improperly entered, defendant's failure to object prior to conviction does not preclude review by this Court.

The fact that this issue is decided in favor of the defendant does not mean, however, that defendant is now entitled to a new trial or a dismissal of all charges. As

previously stated, the trial court erred in entering judgment of conviction on both counts, not in submitting those charges to the jury. Consequently, if any prejudice to defendant resulted from the District Court's error, it arose solely in the sentencing process which was conducted on the basis of an improper conviction of both solicitation and criminal mischief. Prejudice to defendant in this regard can be cured by remanding the cause for resentencing.

The judgment of conviction for solicitation is vacated and dismissed. The judgment of conviction for criminal mischief is affirmed, and the cause is remanded for resentencing.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-9-