■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC A. BRETTI, Appellant.—Judgment affirmed. Memorandum: The recorded conversation of defendant was sufficient to corroborate the testimony of his accomplice, Mastracco, since it tended to connect defendant with the murder of Dawn Grillo. From that conversation, the jury reasonably could have inferred that Mastracco asked defendant for money in payment for Mastracco's part in murdering the victim and that defendant indicated he would not pay Mastracco because they did not do things like that for money, but Mastracco's reward would come later.

All concur, except Doerr, J. P., and O'Donnell, J., who dissent and vote to reverse and dismiss the indictment in the following memorandum.

Doerr, J. P., and O'Donnell, J. (dissenting). We respectfully dissent. In our view, the recorded conversation of the defendant with Mastracco, although vague and suspicious, did not constitute independent corroborative evidence necessary for a conviction (CPL 60.22). We conclude that the recorded conversation failed to harmonize with Mastracco's narration of the murder plot, thus failing to supply the necessary connection between the defendant and Dawn Grillo's murder *(see, People v Moses,* 63 NY2d 299, 306; *People v Cunningham,* 48 NY2d 938, 940). (Appeal from judgment of Herkimer County Court,

Bergin, J.—murder, second degree.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.