■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL ZEAGLER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting defendant of second degree burglary, her principal claim is that the prosecutor's cross-examination of her expert witness deprived her of a fair trial. We disagree. Although at times the prosecutor's conduct was less than exemplary, several of defense counsel's objections were sustained and the court gave the jury curative instructions. Under these circumstances, defendant's right to a fair trial was not compromised (see, People v Galloway, 54 NY2d 396). We have reviewed defendant's remaining claims and find that none requires reversal. (Appeal from judgment of Supreme Court, Monroe County, Reed, J.—burglary, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. HAUST, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court correctly denied defendant's motion to dismiss the indictment charging that he operated a vehicle while intoxicated on December 11, 1985. Although defendant presented evidence that he operated the vehicle before midnight on December 10, where, as here, the time of the offense is not a material element of the crime, the prosecution is not confined to the precise date set forth in the indictment (People v Cunningham, 48 NY2d 938; People v Walker, 116 AD2d 948, 951). Moreover, defendant cannot now complain that the indictment failed to fairly inform him of the offenses charged; the discrepancy in time was created by defendant (see, People v Spann, 56 NY2d 469).

We also reject defendant's claim that admission of the breathalyzer checklist and results of the breathalyzer test constituted reversible error. The sole objection to admission of the checklist was that the entry concerning time of arrest constituted hearsay. However, the prosecutor stated that the document was not proffered for the purpose of demonstrating the time of arrest, and the court in admitting the document unequivocally stated that it was not received to show the time of arrest. The People presented sufficient evidence that the breathalyzer test was performed within two hours of arrest (see, Vehicle and Traffic Law § 1194 [1]), and the test results were, therefore, properly admitted. (Appeal from judgment of Ontario County Court, Henry, J.—driving while intoxicated, two counts.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.